FRED BOKEMPER, Appellant, v. JOHN T. HAZEN, Sheriff.

**Law of the Case.** Where it is instructed that a sale by an insane person is valid if made upon a present consideration, a verdict setting the sale aside should not be allowed to stand where it is clear that a present consideration passed.

Deemer, J., took no part.

*Appeal from Pottawattamie District Court.*—HON. H. E. DEEMER, Judge.

THURSDAY, OCTOBER 24, 1895.

Action of replevin. Trial to a jury. **Verdict for** defendant. Plaintiff appeals.—*Reversed.*

*John Lindt* for appellant.

*Emmett Tinley* for appellee.

Kinne, J.—I.   Action to recover certain personal property which had been levied upon by defendant as sheriff in a cause wherein John Maloney was plaintiff and William Madden defendant.   Plaintiff claims to own the property by virtue of having purchased the same from one John Linder, who claims to have purchased it from William Madden.   Defendant in this action answered, denying the purchase of plaintiff, and of his alleged grantor Linder, and says that at the time of the execution of the bill of sale by Madden to Linder, Madden was insane, and incapable of contracting, and that Linder knew of Madden's mental condition, and fraudulently took advantage of it; that the consideration of the bill of sale was an agreement to cancel an antecedent indebtedness, claimed by Linder against Madden; and that no consideration passed from Linder to Madden when the bill of sale was executed. To this answer plaintiff replied, · denying its averments.

II.   Counsel for appellants say that the only questions presented for our consideration are:   *First,* is the bill of sale from Madden to Linder void on account of Madden's insanity?   And, *second,* was there any present consideration for the execution of said bill of sale?   As the jury found for the defendant, it is evident that they found that Madden's alleged insanity, at the time he executed the bill of sale, had been established, and that there was no present consideration for the execution of that instrument.   Without entering into a detailed consideration of the testimony, we may say that it is such that the jury could well have found that Madden was mentally incompetent to execute the bill of sale.   We cannot disturb their finding in that

respect. The real question is as to whether the con-
sideration of the bill of sale was a pre-existing indebt-
edness, or whether Linder, on the faith of it, paid out
money for Madden pursuant to a promise made to do
so at the time the bill of sale was executed. The court
instructed the jury, touching this matter, as follows:
"If Linder took the bill of sale as security for or in
payment of an indebtedness, due him from Madden,
which had been created prior to the time of making
of the bill of sale, and advanced or parted with
nothing on the strength thereof, then the parties are
in position so that they can be placed as they were at
the time the bill of sale was made. But if Linder, on
the strength of the bill of sale, paid out any money
for Madden, either on a note upon which he was a
surety for Madden, pursuant to a promise made to do
so at the time the bill of sale was made or agreed to,
and did pay the rent of a building which Madden was
obliged to pay, then there was a consideration for the
bill of sale which will support and sustain it." In
another instruction, the jury were told, in substance,
that if they found that Madden was insane at the time
the bill of sale was made, and that plaintiff and Lin-
der both knew of his mental condition at that time,
still, if there was a present consideration for the bill
of sale, and Linder could not be placed in the con-
dition he was before the bill of sale was executed, then
they should find for plaintiff. These and other
instructions not now objected to, constituted the law
of the case which the jury were bound to follow. It
becomes material, then, to determine whether the tes-
timony was such as to warrant a finding that there
was no consideration for the bill of sale agreed upon
at the time it was executed, and which was in fact
paid by Linder. There is no question that Linder paid
the two hundred dollar note for Madden, and that he
paid a small sum to one Sweet for Madden; also, a

considerable sum for rent due. The only controversy is as to whether these payments were made in pursuance of any agreement or arrangement entered into between them at the time the bill of sale was executed. From a careful consideration of all the testimony, it seems to us clear that the sums paid by Linder were paid in pursuance of the arrangement by which the bill of sale was made; that the consideration for the bill of sale was not the security of a pre-existing debt, but an absolute agreement on Linder's part to pay certain specified debts of Madden, which agreement Linder carried out in good faith. Under such circumstances, the jury were not justified in finding, as they must have found, that the bill of sale was given to secure a pre-existing indebtedness. Under the evidence and the instructions of the court, the verdict should have been for the plaintiff.—*Reversed.*

Deemer, J., took no part.